**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION FUND; JOHN FULTZ as a fiduciary of the Boilermaker-Blacksmith National Pension Fund,<br>Plaintiffs,<br>vs.<br><br>ACCURATE FABRICATORS, INC.<br><br>Defendants. | ) | Case No. 2:17-cv-2507 |

**COMPLAINT**

Plaintiffs, for their cause of action against Defendant Accurate Fabricators, Inc., state as follows:

**PLAINTIFFS' REQUEST FOR PLACE OF TRIAL**

1. Pursuant to District of Kansas Rule 40.2, Plaintiffs hereby request that trial in this matter be held in Kansas City, Kansas.

**NATURE OF THE CASE**

2. This is an action brought pursuant to §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381 *et seq.*, to collect withdrawal liability owed to a multi-employer pension plan.

**PARTIES**

3. Plaintiff Boilermaker-Blacksmith National Pension Fund (hereinafter "the Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Pension Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas

City, Kansas 66101, which is located within the territorial boundaries of the District of Kansas. The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and has been established pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5).

4. Plaintiff John Fultz is a fiduciary of the Pension Fund, within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

5. Defendant, Accurate Fabricators, Inc. (hereinafter "Accurate") is a corporation organized under and existing by virtue of the laws of the State of Illinois. Accurate is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION AND VENUE

6. This Court has jurisdiction of Plaintiffs' claims pursuant to Sections 502(e)(1) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e)(1) and 1451(c), and also pursuant to 28 U.S.C. § 1331.

7. Because the Pension Fund is administered in the District of Kansas, venue is appropriate in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## CAUSE OF ACTION

8. Accurate was a party to collective bargaining agreement(s) with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO (hereinafter "Boilermakers International") and/or affiliate local unions of the Boilermakers International.

9. The Pension Fund is established and operated pursuant to a written agreement and/or declaration of trust. This agreement and/or declaration of trust is incorporated by reference into and is a material part of the collective bargaining agreement(s) between Accurate

and the Boilermakers International and/or its affiliate local unions.

10. The collective bargaining agreement(s) between the Boilermakers International and Accurate required that Accurate make contributions on behalf of its employees to the Pension Fund.

11. Accurate permanently ceased to have an obligation to contribute to the Pension Fund in 2016.

12. The permanent cessation of Accurate's obligation to contribute to the Pension Fund resulted in Accurate's complete withdrawal from the Pension Fund within the meaning of Section 4203(a) of the MPPAA, 29 U.S.C. § 1383(a).

13. As a result of Accurate's complete withdrawal, Accurate has incurred and the Pension Fund has assessed withdrawal liability against Accurate.

14. By certified letter dated April 20, 2017, the Pension Fund advised Accurate of its withdrawal liability in the amount of $33,429.00. The Pension Fund's letter provided a payment schedule, and demanded payment in accordance with the payment schedule. Under the payment schedule established by the Pension Fund, the first payment was due within 60 days of the date of the demand letter. A true and correct copy of the Pension Fund's demand letter of April 20, 2017 is attached hereto as Exhibit A.

15. By certified letter dated June 28, 2017, the Pension Fund made a second demand for payment of withdrawal liability in the amount of $33,429.00, and further demanded that Accurate cure its failure to begin making the payments as set forth in the payment schedule contained in the Pension Fund's letter of April 20, 2017. A true and correct copy of the Pension Fund's letter of June 28, 2017 is attached hereto as Exhibit B.

16. Neither the Pension Fund nor Accurate initiated an arbitration proceeding within

the time period required under Section 4221(a)(1) of the MPPAA, 29 U.S.C. § 1401(a)(1).

17. Pursuant to Section 4219(c)(5)(A) of the MPPAA, 29 U.S.C. § 1399(c)(5)(A), a plan may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made, if an employer fails to cure its failure to make such payment within 60 days after the employer receives written notification of such failure.

18. As of the date of the filing of this Complaint, Accurate has not remitted to the Pension Fund any of the payments, in any amount, as set forth under the withdrawal liability schedule established by the Pension Fund in its letters April 20, 2017 and June 28, 2017.

19. By failing to make any of its scheduled payments due to commence within 60 days of the Pension Fund's demand letter of April 20, 2017, and by failing to cure its failure to make such payments within 60 days of the Pension Fund's letter of June 28, 2017, Accurate is in default on the entire withdrawal liability debt in the amount of $33,429.00. As such, the Pension Fund is entitled to require immediate payment of the principal amount of $33,429.00, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made by Accurate.

20. Pursuant to Section 4301(b) of the MPPAA, 29 U.S.C. § 1451(b), an employer's failure to make any withdrawal liability payment within the time prescribed is to be treated in the same manner as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. § 1145. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Accurate's failure to make any of the scheduled withdrawal liability payments entitles the Pension Fund to recover the delinquent withdrawal liability amount, interest, liquidated damages, attorney fees, and costs.

21. Pursuant to the Pension Fund's Trust Agreement and policies and procedures

adopted in accordance therewith, the Pension Fund assesses liquidated damages at the rate of twelve percent (12%) upon any delinquent contributions owed to the Pension Fund. Accordingly, Accurate is liable for liquidated damages in the amount of $4,011.48 upon its delinquent withdrawal liability.

22. Pursuant to the Pension Fund's Trust Agreement and policies and procedures adopted in accordance therewith, the Pension Fund assesses interest at the rate of twelve percent (12%) *per annum*. Accordingly, from the June 19, 2017 due date of the first withdrawal liability payment through August 28, 2017, Accurate is liable for accrued interest in the amount of $861.64 upon its delinquent withdrawal liability. Interest continues to accrue.

23. In accordance with the MPPAA, 29 U.S.C. §§ 1381 *et seq.* and Section 515 of ERISA, 29 U.S.C. §§ 1145, Accurate is currently liable to the Pension Fund for withdrawal liability totaling $33,429.00, liquidated damages thereon in the amount of $4,011.48, accrued interest through August 28, 2017 in the amount of $861.64, attorney fees, and other collection costs.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

i. Finding that Accurate is liable to the Pension Fund in the amount of thirty-eight thousand, three hundred and two and 12/100 Dollars ($38,302.12) (principal-$33,429.00; liquidated damages- $4,011.48, accrued interest through August 28, 2017-$861.64) and entering judgment against the Defendant and in favor of the Plaintiffs accordingly;

ii. Awarding the Plaintiffs their costs of this action, including Plaintiffs' reasonable attorney's fees; and

iii. Granting Plaintiffs such other relief that the Court deems just and proper, including additional interest that accrues during the pending of this action.

Respectfully submitted,

**BLAKE & UHLIG, P.A.**

753 State Avenue, Suite 475
Kansas City, Kansas 66101
Telephone: (913) 321-8884
Facsimile: (913) 321-2396
cak@blake-uhlig.com

By: /s/ Carol A. Krstulic___________
Carol A. Krstulic
Kansas Bar No. 24122
**ATTORNEYS FOR PLAINTIFFS**